Everett Leon Stout [POW.#23867-001]
U.S.P./ F.P.C. DCU 01 #237
P.O. box 150160
Atlanta, Ga. 30315

SERVED UNDER MAIL BOX RULE ON (10/23/2012)
FILED IN:   THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF GEORGIA
            ATLANTA DIVISION
            75 Spring Street S.W., ROOM 2211
            Atlanta, Ga. 30303-3361

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

OCT 29 2012

JAMES N. HATTEN, CLERK
By: _____ Deputy Clerk

IN RE: Everett Leon Stout
       Petitioner,

       VS.

J.A. KELLER, et-al., Respondents.

§ CASE No:1:12-cv-02046-MHS-JCF

---

IN RE:   MAGISTRATES JUDGES FINAL ORDER AND RECOMMENDATION

A)  The Court ordered Petitioner to file an Amended Petition.  B)  The Court ordered the Clerk to mail a TITLE 28 USC. §2254, and ordered that the Petitioner file same.  C)  The Court also ordered that the Petitioner must FORFEIT all of his issues presented in his original filing.

NOTICE:   The Court did not have authority to ORDER ANY OF THE ABOVE.

D)  The Petitioners Original Document shall stand as filed.

E)  TITLE 28 USC. §2254, applies the State Habeas Petitions. NOT FEDERAL.

F)  FILING FEE:  THE FILING FEE WAS PAID BY THE U.S. POSTAL MONEY ORDER AS REFERENCED IN THE ORIGINAL FILING.

G)  SEE, Missouri R. Co. V. Larabee, 234 U.S. 459, @ 473, WHICH STATES: "U.S. 318, ante, 621, 34 Sup.Ct. Rep.333, a statute of the State of Oklahoma which burdened or impeded the right to FREE ACCESS to the Courts of The United States was held to be REPUGNANT to the Constitution, and the destructive effects of such Legislature upon our institution was pointed out." SEE: Tullock V. Mulvane, 184 U.S. 497, Homes Ins. Co. V. Morse, 20 Wall 445,  Clark V. Bever, 139 U.S. 96..

NOTICE:   THE CLERK OF COURT HAS EITHER MISPLACED THE MONEY ORDER, OR HAS WITH FULL AND COMPLETE KNOWLEDGE REFUSED TO ACCEPT THE PAYMENT AS PRESENTED. IN EITHER CASE THE ABOVE SUPREME COURT RULING SHOULD SUFFICE THE DEMEND FOR PAYMENT   "IF IN FACT THIS IS A COURT OF THE United States of America."

SEE THE ATTACHED (Missouri R. Co. V. Larabee, ATTACHED AS PAGE (02 of 02).
NOTICE:   ALSO ALL JUDGES ARE INFORMED THAT THE "State Common Law Tort Claim", applies to all parties attempting to dismiss this Habeas Petition. YOUR CREDENTIALS ARE SEIZED /FORFEITED BY WILLFUL, ININETIONAL, VOLUNTARY, & CONSENSUAL AGREEMENT WHEN YOU ISSUE ORDER OF DISMISSAL.

       RESPECTFULLY: _____Everett Leon Stout_____   (10/22/2012)
Page (01 of 02)

We shall reason no further, and shall content ourselves with pointing out that in substance and effect the absolute want of foundation for the contention here made has been in express terms foreclosed. For instance, at this term in Harrison v. St. Louis & S. F. R. Co. 232

[234 US 473]

**U. S. 318, ante, 621, 34 Sup. Ct. Rep. 333, a statute of the state of Oklahoma which burdened or impeded the right of free access to the courts of the United States was held to be repugnant to the Constitution, and the destructive effect of such legislation upon our institutions was pointed out**. And light on the subject is afforded by a consideration of the ruling in Tullock v. Mulvane, 184 U. S. 497, 46 L. ed. 657, 22 Sup. Ct. Rep. 372. See also Home Ins. Co. v. Morse, 20 Wall. 445, 453, 22 L. ed. 365, 368; Clark v. Bever, 139 U. S. 96, 102, 103, 35 L. ed. 88, 91, 92, 11 Sup. Ct. Rep. 468.

Second. The power of the court below to award damages for the business losses which were suffered after the allowance of the writ of error and the supersedeas.

RESPECTFULLY :      (10/22/2012)

NEWLY DISCOVERED EVIDENCE:
Morton V. Ruiz, 39 L. Ed.2d 270, @ 271 Note #(03) states:
"The on reservations, Limitations of the Bureau's manuel was NOT VALIDLY IMPOSED, since it had not been published in the FEDERAL REGISTER, or in the CODE OF FEDERAL REGULATIONS, as required by the Administrative Procedures Act (5 USCS. §552(a)(1) and the Bureau's own polics,"

NOTICE:
This is PROOF OF FACT, that I, have Unlawfully Convicted under TITLE 18 U.S.C.S. §371, §1341, and §2312; which have NEVER been published in said Code.

_Everett Leon Stout_     (10/22/2012)

Page (02 of 02)

LED                                                                                      1

© 2011 Matthew Bender & Company, Inc., a member of the LexisNexis Group. All rights reserved. Use of this product is subject to the restrictions and terms and conditions of the Matthew Bender Master Agreement.